IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEREO OPTICAL CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 CV2512 |
| vs. ) | |
| ) | |
| THOMAS J. JUDY, individually, JACQUELINE ) | JUDGE KOCORAS |
| K. JUDY, individually, MR. RALPH E. CRAIG, ) | |
| individually, MR. RICHARD J. UNGER, ) | MAGISTRATE JUDGE |
| individually, and VISION ASSESSMENT ) | SCHENKIER |
| CORPORATION, an Illinois corporation, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNTS I-IV, VII-IX, XI-XII, AND XIV OF PLAINTIFF'S COMPLAINT**

NOW COMES the Plaintiff, STEREO OPTICAL CO., INC., ( hereinafter "STEREO" or "Plaintiff"), an Illinois Corporation, by and through its attorneys, TAMARI & BLUMENTHAL, LLC and for its response to Defendants' motion to dismiss, states:

**I.   Applicable Standards**

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must draw all reasonable inferences in favor of the plaintiff, construe all well-pleaded allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts. *Bontowski v. First National Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Moreover, under the federal rule of notice pleading, plaintiff need not plead facts, but can plead conclusions, so long as the conclusions provided defendant with at least minimal notice of the claim. *Kyle v. Morton High School,* 144 F.3d 448, C.A. 7 (Ill.), 1998.

In addition, in reviewing a grant of a motion to dismiss for failure to state a claim, the reviewing court must accept as true all well pled material facts, and must view the alleged facts and make reasonable inferences in the light most favorable to the plaintiff." *Mescall v. Burrus*, 603 F.2d 1266, 1269 (1979).

"The recognized standard for reviewing the grant of a motion to dismiss for failure to state a claim is whether 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mescall*, 1269.

The allegations of Plaintiff's complaint are detailed and specific, and while they do not plead evidence, as they should not, they state the elements of a cause of action and place the Defendants on notice of the claims against them.

## II.     Counts I-III—Copyright Infringement.

### A.     Defendants erroneously seek dismissal under Rule 12 (b)(6).

Defendants bring this motion to dismiss pursuant to Rule 12 (b)(6), which allows for dismissal for "failure to state a claim upon which relief can be granted." Quite simply, Defendants have confused pleading with proof. In support of their motion, Defendants claim that the tests for which Plaintiffs claim a copyright "are not properly registered."

The narrow issue here is whether Plaintiff has *alleged* facts sufficient to sustain a cause of action for copyright infringement. Turning to the complaint, Plaintiff alleges that:

- Plaintiff was the owner of numerous proprietary optical tests, including a random dot butterfly test, the copyright for which was registered in 1980 under copyright volume 3560, Doc. 593. (Complaint, paragraphs 13-25).

- Federal Copyright law provides that the owner of a copyright has <u>exclusive</u> rights not only to reproduce the copyrighted work, but <u>to prepare derivative works</u> based upon the copyrighted work. (Complaint, paragraph 43.)

- The Defendants are reproducing the following works, which are either Stereo's copyrighted work or a derivative of the work:

    a.  Stereo Butterfly;

    b.  Stereo Fly with Lea Symbols;

    c.  Random Dot Stereo with Lea Symbols; and

    d.  Random Dot E Depth Perception Test.

Clearly, Plaintiffs have stated a cause of action. Whether or not Plaintiff's work is copyrighted, Plaintiff has alleged that it is. At the pleading stage, that is all Plaintiff is required to do.

### III.  Count IV—Misappropriation Of Trade Secrets.

Defendants maintain that Plaintiff's claim for misappropriation of trade secrets is vague and without detail. To the contrary, Plaintiff alleges that Defendants misappropriated "written processes, customer lists, product costs and pricing information." The term "customer lists" is quite specific. Customer lists, as well as pricing information, have long been recognized as potential trade secrets. <u>*Multiut Corp. v. Draiman*, 359 Ill.App.3d 527, 536, 834 N.E.2d 43, 50 (1st Dist. 2005)</u>; *Cincinnati Tool Steel Co. v. Breed,* 136 Ill.App.3d 267, 277, 482 N.E.2d 170, 176 (2d Dist. 1985). In fact, the Illinois Trade Secrets Act specifically enumerates a "list of actual or potential customers" as a protectible interest.

3

Furthermore, the defendants, all former employees of Stereo, are also aware of what is meant by "processes" in fabricating the product. It bears repeating that proper pleading in the federal court only requires that the Plaintiff allege conclusions sufficient to put defendants on notice of the nature of the claim. *Kyle*, 144 F.3d 448. This is especially true in cases such as this, for "litigants are not required to disclose details when alleging the misappropriation of a trade secret for the simple reason that such a requirement would result in public disclosure of the purported trade secret." *C.H. Robinson Worldwide v. Command Transportation*, 2005 WL 307998 (N.D.Ill.), citing *Conley v. Gibson*, 355 U.S. at 47; see also *Conner v. Illinois Dep't. of Natural Res.*, 413 F.3d 675, 679 (7th Cir. 2005).

**IV.    Defendants' Erroneously Claim That Counts VII, IX-XI, XII, And XIV Are Pre-Empted By The Illinois Trade Secrets Act.**

Defendants claim that the following counts are preempted by the Illinois Trade Secrets Act: Conversion (VII), Civil Conspiracy (IX), Breach of Fiduciary Duty (X), Unjust Enrichment (XI), Constructive Trust (XII) and Consumer Fraud (XVI).

The fatal flaw in Defendants' argument is their concurrent claim that the Illinois Trade Secrets Act does not apply to this cause. If the Act does not apply then it cannot preempt these other claims, which are pled in the alternative, a practice specifically provided for under Federal Rules of Civil Procedure Section 8(d)(2):

> **(2) Alternative Statements of a Claim or Defense.**
>
> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient. Federal Rules of Civil Procedure Rule 8(d)(2).

4

Even assuming, therefore, that some of the claims were in fact preempted, they should not be stricken until it is determined whether the claim under the Trade Secrets Act survives. If the Trade Secrets claim is stricken, all of these other counts are viable claims. In other words, should the court rule that Plaintiff has no claim under the act, then Plaintiffs are free to pursue their claims for conversion, civil conspiracy, breach of fiduciary duty, unjust enrichment, constructive trust, and consumer fraud.

Moreover, Defendants admit that preemption only applies "where the common law claims rely on the trade secret facts." (Defendants' brief, page 7). Claims are foreclosed *only* when they rest on the conduct that is said to misappropriate trade secrets. As the commissioners responsible for the Uniform Trade Secrets Act commented, "The [provision] does not apply to duties imposed by law that are not dependent upon the existence of competitively significant secret information, like an agent's duty of loyalty to his or her principal." (as quoted in *Dominion Nutrition, Inc. v. Cesea,* 2006 WL 560580 (N.D.Ill.). "This is not a closed question. An assertion of a trade secret in a customer list does not wipe out claims of theft, fraud, and breach of duty of loyalty that would be sound even if the customer list were a public record." *Hecny Transportation, Inc. v. Chu*, 430 F.3d 402, at 405 (2005).

**V.  Defendants Erroneously Claim That Counts VIII, IX, XI, XII And     XIV Are Preempted By The Copyright Act.**

The arguments set forth above with respect to non-preemption under the Illinois Trade Secrets Act apply with equal force here; they need not be repeated. The counts which Defendants claim are preempted involve, respectively, Intentional Interference with Contract (VIII), Civil Conspiracy (IX), Unjust Enrichment (XI), Constructive Trust

(XII) and Consumer Fraud (XIV).  Just as Defendants claim that the Illinois Trade Secrets Act does not apply here is fatal to their attack on the common law counts, so to is their attack on the Copyright count fatal to their attack on the common law counts.  Defendants cannot have it both ways--if Plaintiff has no claim for trademark infringement, then those other counts cannot be preempted by trademark law.  Moreover, Plaintiffs have the right to plead in the alternative. Lastly, it is well-recognized that when a state law violation is predicated upon an act incorporating elements beyond mere reproduction or the like, the rights involved are not equivalent and preemption will not occur. *Harper & Row, Publishers, Inc. v. Nation Enterprises,* 723 F.2d 195, 200 (2d Cir.1983).

      WHEREFORE, Plaintiff, STEREO OPTICAL CO., INC, respectfully prays that the Defendants' motion to dismiss be denied.

 Respectfully submitted,

STEREO OPTICAL CO.

/s/ Grant Blumenthal
_____
By One of Its Attorneys

Our File 91-505
Walid Joseph Tamari #6270706
Grant Blumenthal #6238437
TAMARI & BLUMENTHAL, LLC
55 W. Monroe St.
Suite 2370
Chicago, IL  60603
Tel: (312) 236-6200

CERTIFICATE OF SERVICE

I, Grant Blumethal, an attorney, certify that I served the foregoing Response to the Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedue 12(b)(6) on each of the following persons:

    Jessica L. Lunney
    Sean Michael Sullivan
    Michael H.Baniak
    McDonnell Boehnen Hulbert &Berghoff LLP
    300 S. Wacker Dr
    Chicago Illinois 60606


by depositing a copy of the document in the US Mail at 55 W. Monroe Street, Chicago, Illinois 60603 with proper postage prepaid on August 15, 2008


__/s/ Grant Blumenthal_____