IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEREO OPTICAL CO., INC.,<br><br>     Plaintiff,<br><br> v.<br><br>THOMAS J. JUDY, JACQUELINE K. JUDY, MR. RALPH E. CRAIG, MR. RICHARD J. UNGER, and VISION ASSESSMENT CORPORATION,<br><br>     Defendants. | Civil Action No. 08 C 2512<br><br>Judge Kocoras<br><br>Mag. Judge Schenkier |

**REPLY MEMORANDUM IN FURTHER SUPPORT
OF DEFENDANTS' MOTION TO DISMISS
COUNTS I-IV AND VII-XIV OF STEREO'S COMPLAINT**

In its untimely[1] Response, Plaintiff failed to raise any cogent arguments in defense of its kitchen sink complaint.

**I. PLAINTIFF ACTUALLY TOUTS ITS INADEQUATE PLEADING**

Plaintiff begins by misusing *Kyle v. Morton High School*, 144 F.3d 448 (7th Cir. 1998), to insist that bare conclusions in a pleading suffice, bereft of facts. The case, however, is unavailing for that purpose: "[f]or fair notice to be given, a complaint must at least include the operative facts upon which a plaintiff bases his claim." *Id.* at 455 (internal citations omitted). Moreover, the Seventh Circuit affirmed the ***dismissal*** of all three counts, at least one of which failed to provide notice to the defendants of the claim. *Id*. at 456. The Supreme Court has made clear in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007), that "conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

[1] This Court ordered a response to the motion to dismiss by August 14, 2008, D.I. 20, but Plaintiff filed nothing until after the close of business on Friday, August 15, 2008.

1

With respect to Counts I, II, and III (Copyright Infringement), Plaintiff has *still* not notified Defendants of the grounds on which its Complaint rests.  The test for copyright infringement requires a determination of whether the accused infringer "has copied the *protected* work."  *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 915 (7th Cir. 2007) (emphasis added).  Without deposit copies of the registered material, Defendants have no notice of what and how they supposedly infringe and no means of assessing the validity of the Complaint.  *See Kyle*, 144 F.3d at 455 ("How can the [defendant] determine whether the speech engaged in by the plaintiff was not protected, when they have no idea to what speech, if any, [the plaintiff] is referring?" ).  Indeed, Plaintiff's continuing refusal to provide this information to Defendants begs the question whether Plaintiff has any good faith basis for believing that Defendants infringe those "copyrights."[2]

Incredibly, Plaintiff states that "[w]hether or not Plaintiff's work is copyrighted, Plaintiff has alleged that it is."  Response at 3.  Of course, the law says otherwise, and under 17 U.S.C. § 411(a), no action can be maintained until registration of copyright has been made.  *See, e.g.,* Defendants' Memorandum at 5 ("Without registration of the copyrights the suit is barred and absent an allegation that the copyrights have been registered the complaint is defective.") (*quoting Conan Props., Inc. v. Mattel, Inc.*, 601 F. Supp. 1179, 1182 (S.D.N.Y. 1984)).

---

[2] It should be noted here that if the Court dismisses Counts I, II, and III, the basis of federal question jurisdiction will disappear, and the Court may relinquish pendent jurisdiction over and dismiss the remaining state law claims (all of Counts IV-XIV).  28 U.S.C. § 1367(a); *see Rotec Indus., Inc. v. Mitsubishi Corp.*, 36 F. Supp. 2d 810, 818 (C.D. Ill. 1998) (dismissing Illinois Trade Secret Act, unlawful interference with prospective advantage, and civil conspiracy claims sounding in state law after dismissal of federal counts alleging patent and copyright infringement); *see also Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994) (applying 28 U.S.C. § 1367(a) to dismiss pendent state claims after federal claims were dismissed).  Of course, the Court may wish to retain jurisdiction to dispose of the state law claims where, as here, they plainly lack merit.  *Id*. at 1251-52.

As to Count IV (Misappropriation of Trade Secrets), Plaintiff also misses the point. A customer list or process may constitute a protectable trade secret, but Plaintiff has not provided anything in its Complaint to indicate which "customer lists" or "processes" constitute trade secrets, let alone that they justify trade secret protection. Plaintiff cannot simply say that Defendants are "aware of what is meant." Response at 4. "J'accuse" does not suffice. *See* Defendants' Memorandum at 6 (citing cases requiring specificity as to trade secret claimed). Additionally, Plaintiff's apparent concern regarding disclosure of its "trade secrets" is a red herring, as it could have opted to file pertinent supporting documents under seal pursuant to Local Rule 5.7(a) to balance the needs for specificity and confidentiality.[3]

## II.  PLAINTIFF MISAPPREHENDS PREEMPTION

Plaintiff asserts that the Defendants' attack on the substance of the trade secret and copyright Counts somehow undercuts the preemption of the common law Counts. Response at 4-5. Plaintiff purports to plead its common law Counts in the alternative to its copyright and trade secret Counts, despite the fact that one and only one of the Counts in the Complaint, Count XI (Unjust Enrichment), is designated as "Plead in the Alternative." *Id*. In Plaintiff's Bizarro World, its common law Counts may not be dismissed as preempted until the status of the trade secret and copyright Counts is determined, and if the trade secret and copyright Counts do not survive, then *ipso facto* there is no preemption.

There is a reason, however, that Plaintiff cites to no cases supporting its position—the argument displays a fundamental lack of understanding of preemption. The various and sundry common law allegations are not preempted by Plaintiff's trade secret and copyright

---

[3] Furthermore, the case on which Plaintiff relies for its nondisclosure argument, *C.H. Robinson Worldwide, Inc. v. Command Transportation, LLC*, No. 05-3401, 2005 WL 307998, at *18-21 (N.D. Ill. Nov. 16, 2005), goes on to dismiss common law claims of unfair competition, conversion, and conspiracy as preempted by the Illinois Trade Secret Act.

3

*Counts*; rather, they are preempted by the Illinois Trade Secret and the Federal Copyright *Acts*. As Defendants detailed in their Memorandum, the copyright and trade secret Counts fail due to their own deficiencies, while the statutory bases on which they rest simultaneously operate to preempt any common law Counts grounded in trade secret and copyright facts. *See, e.g., Goes Lithography Co. v. Banta Corp.*, 26 F. Supp. 2d 1042, 1045, 1048 (N.D. Ill. 1998) (granting summary judgment as to one defendant on copyright infringement while granting summary judgment as to all defendants on unfair business practices claim due to preemption by Copyright Act); *Web Commc'ns Group, Inc. v. Gateway 2000, Inc.*, 889 F. Supp. 316, 321 (N.D. Ill. 1995) (granting summary judgment on trade secret misappropriation count while granting summary judgment on unjust enrichment count due to preemption by the Illinois Trade Secret Act). Moreover, in addition to this legal misunderstanding, Plaintiff fails to provide any factual analysis as to how its common law allegations escape preemption.

As if this were not enough, following an off-the-wall reference to trademark allegations—one of the few theories of recovery not alleged in the Complaint—Plaintiff argues that additional elements may be set forth in state law claims allow those claims to avoid preemption by the Copyright Act. Response at 6. Besides failing to identify any such additional elements in its own state law claims, Plaintiff cites to another case disfavorable to its position. In *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195, 201 (2nd Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985), the Second Circuit held state law claims of conversion and intentional interference with contractual relations to be preempted by the Copyright Act.

4

### III. CONCLUSION

As Plaintiff did not address the failure of Counts VIII (Intentional Interference with Contract) and XIII (Accounting) to include all elements of a claim for relief, Defendants' Motion to Dismiss those Counts is unopposed.

And for the reasons set forth above, and for those reasons outlined in Defendants' Memorandum, Counts I-IV and VII-XIII should be dismissed.

                                            Respectfully submitted.

August 21, 2008                        s/Michael H. Baniak

                                            Michael H. Baniak
                                              *baniak@mbhb.com*
                                            Sean M. Sullivan
                                              *sullivan@mbhb.com*
                                            Jessica L. Lunney
                                              *lunney@mbhb.com*
                                            McDonnell Boehnen Hulbert & Berghoff LLP
                                            300 South Wacker Drive, Suite 3100
                                            Chicago, Illinois  60606
                                            (312) 913-0001  Telephone
                                            (312) 913-0002  Facsimile

                                            *Counsel for Thomas J. Judy, Jacqueline K. Judy, Ralph E. Craig, Richard J. Unger, and Vision Assessment Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 21, 2008, a copy of the foregoing was served via electronic mail, and via the Court's electronic filing system, on the following attorneys of record:

>Grant Blumenthal
>  gblumenthal@tamblum.com
>TAMARI & BLUMENTHAL, LLC
>55 W. Monroe Street, Suite #2370
>Chicago, Illinois  60603
>(312) 236-6200  Telephone
>(312) 416-7963  Facsimile


>s/Jessica L. Lunney_____
>Jessica L. Lunney (lunney@mbhb.com)
>MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
>300 S. Wacker Drive, Suite 3100
>Chicago, Illinois  60606-6709
>(312) 913-0001  Telephone
>(312) 913-0002  Facsimile