IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEREO OPTICAL CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 2512 |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| THOMAS J. JUDY, individually, ) | |
| JACQUELINE K. JUDY, individually, ) | |
| MR. RICHARD J. UNGER, individually, ) | |
| and VISION ASSESSMENT CORPORATION, ) | |
| an Illinois corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In the most recent of a series of discovery battles between the parties, Defendant Vision Assessment Corporation ("VAC") has moved to compel plaintiff, Stereo Optical Company, Inc. ("Stereo"), to provide interrogatory answers and deposition testimony (doc. # 104). For the reasons set forth, VAC's motion is granted in part and denied in part.

### I.

We begin with VAC's motion to compel responses to Interrogatory Nos. 1-4, 6, 8 and 10-12 of VAC's First Set of Interrogatories. Stereo has answered those interrogatories, and has submitted supplemental responses to some of them (specifically, Interrogatories Nos. 1-2 and 4). VAC nonetheless argues that Stereo's responses to these interrogatories both as originally framed and as supplemented are insufficient.

In its response filed on May 8, 2009, Stereo agreed to supplement certain of the interrogatories in dispute: Interrogatories Nos. 1, 3, 6, 8, 10 and 12 (Stereo's Resp. at 1) – although

then, in the body of its response, Stereo protests that it is premature to answer Interrogatory No. 3, which seeks information concerning "the damages suffered by Stereo as a result of the allegedly wrongful actions of Defendants" (Stereo's Resp. at 4; VAC's First Set of Interrogatories, Interrogatory No. 3). As of May 12, 2009, Stereo has not provided any supplementation (VAC's Reply at 2).

We will hold Stereo to its word, and will require Stereo to supplement its responses to VAC's First Set of Interrogatories Nos. 1, 3, 6, 8, 10 and 12. Moreover, given that this case is one year old and fact discovery is due to close in early July 2009, it is not too soon for Stereo to provide discovery on the damages that it claims. Stereo's supplementation shall be supplied by May 22, 2009.

We now turn to the remaining interrogatories for which VAC seeks further answers: Interrogatories Nos. 2, 4 and 11.

### A.

Interrogatory No. 2 asks Stereo to describe in detail "each trade secret that Stereo believes has been misappropriated" by defendants, and to provide certain information about each of those alleged trade secrets. After much wrangling, on February 19, 2009, Stereo submitted an amended supplemental answer to that interrogatory (VAC's Mem., Ex. L). Stereo's amended supplemental interrogatory response identified six alleged categories of trade secrets: customer lists, customer pricing information, contract renewal dates, finance and strategic business plans, price and cost information, and management techniques and organizational design. Within each of those categories, Stereo explained why it contends that the information qualifies as a trade secret, the value of the information, defendants' access to the information, the utility of the information to defendants, and the steps Stereo allegedly took to maintain the confidentiality of the information. Each response

also identified, by Bates number, certain documents that Stereo claimed "set forth or embody" the alleged trade secret information.

We have considered, and now reject, VAC's argument that these responses are insufficient. With one exception, which we explain below, we disagree.

*First*, VAC argues that many of the 4,000 pages of documents that Stereo cites "are not even arguably trade secrets" (VAC's Reply at 2). Perhaps it is not surprising, since VAC's interrogatory asked that Stereo identify the documents or things that "embody or set forth" the alleged trade secret, and did not limit its request to identification of documents that "are" trade secrets. Having cast a broad net for discovery, VAC cannot be heard to complain that it received a large number of documents. To the extent that VAC argues that none of the documents supplied by Stereo are sufficient to support a trade secret claim, that is a matter to be determined on the merits of the case and not on a discovery motion.

VAC also complains that Stereo's interrogatory response provides scant evidence to support its assertion that any allegedly trade secret information was misappropriated by defendants (Stereo Reply at 3-4). VAC does not seek further supplementation of that aspect of the interrogatory, but instead asks that the Court preclude Stereo "from later offering any further evidence of misappropriation" (VAC's Reply at 4). The state of the record does not provide the Court with a sufficient basis to make such a ruling at this time. For example, we do not know whether there is deposition testimony that provides evidence of misappropriation beyond that which is disclosed in the interrogatory response – or, if any may be supplied in the depositions yet to be taken. If so, there would be no obligation to supplement the interrogatory to include that additional information under Federal Rule of Civil Procedure 26(e)(1)(A), which requires supplementation only if the additional

3

information "has not otherwise been made known to the other parties during the discovery process or in writing." Stereo's request to limit Stereo's proof of misappropriation to what is disclosed in the supplemental response to Interrogatory Number 2 is best decided on a more concrete record, in the event that Stereo attempts to point to other evidence to support that claim.

**B.**

Interrogatory No. 4 asks Stereo to describe each act that it "believes constitutes a breach of the employment contracts Stereo believes to be in force between Stereo and any of the Defendants," and then to provide certain information about each such act (*See* VAC's Mem., Ex. K: Interrogatory No. 4). VAC argues that Stereo's answer is too vague, because it refers generally to the assertion that defendants were "soliciting one another to leave Stereo to unlawfully form a competing company" and "misappropriating confidential information," without providing any specifics (VAC's Mem. at 8-9). VAC further argues that the subsequent deposition testimony offered by Stereo does nothing to fill in the missing information (*Id.* at 9). Stereo responds by saying that its answers are good enough (Stereo Mem. at 4-5), and VAC's rejoinder is that if Stereo stands on those answers, then Stereo should be "precluded from later advancing any theory of breach of contract recovery beyond those non-solicitation and disclosure of confidential information theories" set forth in the interrogatory response and further explained in Stereo's memorandum (VAC Reply at 5).

Again, we decline to enter a preclusion order at this time, without having a full view of the discovery record on this matter. The question of any preclusion order is better addressed in the event that Stereo attempts to advance some new and additional theory for breach of contract – in which

event, of course, Stereo would have the heavy burden of proving why it should be entitled to do so at this late date.[1]

## C.

Interrogatory No. 11 asks Stereo to describe "each alleged conspiracy through which any of the Defendants defrauded Stereo of its property or its copyrights or contract rights, including all acts in furtherance of each conspiracy, and the participants in, and the time, place, and circumstances of, each act" (VAC's Mem., Ex. B, Int. No. 11). Stereo objected to the interrogatory as burdensome, and then without waiving the objection, offered the following response:

> Defendants conspired to form a competing business with the intention of circumventing their employment agreements, soliciting the Plaintiff's customers and using Plaintiff's confidential information and assets to further that business. Defendants committed many acts in furtherance of that agreement, including but not limited to the formation of the company, the seizure of assets and information from Plaintiff, and the solicitation of customers and employees.

(*Id.*) VAC complains that this response fails to show how any individual defendant conspired or acted in furtherance of the conspiracy (VAC's Mem. at 12-13). Again, Stereo claims that its answer was sufficient, without specifically addressing VAC's criticism (Stereo's Resp. at 5).

We agree with VAC that Stereo's response to this interrogatory fails to identify the role of each defendant in the alleged conspiracy, or what each one allegedly did in furtherance of it. Accordingly, we order Stereo to supplement its response to Interrogatory No. 11 to provide that information. That supplemental response is due by May 22, 2009.

---

[1] VAC also asks that we order plaintiff to drop its breach of contract claim against Ms. Judy, on the ground that plaintiff has not identified any employment contract between Ms. Judy and Stereo (VAC's Reply at 4 and n.4). Again, that is a merits decision that is improper for VAC to present, and that we decline to decide under the guise of a discovery motion. If defendants are right and plaintiff persists in advancing a claim for which there is no factual basis, defendants have other remedies they are free to pursue.

5

## II.

In many of its interrogatory responses, Stereo attempted to utilize the option provided by Federal Rule of Civil Procedure 33(d), which allows a responding party (under certain circumstances) to refer the requesting party to specific records that will provide the information sought in the interrogatory. In its motion, VAC complains that Stereo's reference to documents in its responses to Interrogatories Numbers 1, 3, 5-8, 10-11, and 14 fail to comply with the requirements of Rule 33(d) (VAC Mem. at 14-15). Stereo does not attempt to defend the adequacy of its Rule 33(d) references in those interrogatory responses, but states that "[w]ith respect to interrogatories 1, 3, 5-8, 10-11, and 14, Stereo has elected to answer the questions without the use of the option to produce business records" (Stereo Resp. at 2 n.2). Accordingly, we deny as moot VAC's motion to compel revised Rule 33(d) responses in its answers to Interrogatory Nos. 1, 3, 5-8, 10-11 and 14. Instead we order Stereo to supplement its answers to those interrogatories by May 22, 2009, to provide the information that otherwise would be available from the documents.[2]

## III.

VAC has served a Rule 30(b)(6) deposition notice on Stereo, seeking testimony on 26 subjects. Stereo designated William Baker as its corporate designee for all or part of 21 of those 26 subjects (VAC Mem., Ex. N). Stereo identified four other individuals to cover all or part of eight of the 26 subjects (*Id.*).

Mr. Baker's deposition has proceeded for a very full day, that spanned nine hours of examination and resulted in a 294-page transcript (VAC's Mem., Ex. O). VAC "argues" that Stereo

---

[2] This amendment is in addition to the supplementation to Interrogatories Nos. 1, 3, 6, 8, 10 and 12 that Stereo has separately agreed to provide.

nonetheless should present Mr. Baker for further Rule 30(b)(6) examination on the enumerated subjects. We put quotation marks around the word "argues," because VAC's memorandum makes that request in the title of the motion, in the prefatory statement in the memorandum, and in the conclusion – but not in the body of the memorandum itself. During the deposition itself, VAC's attorney said that it needed "at least another five hours to wade through" all of the documents identified in response to Interrogatory No. 2 (*Id.* at 289). At that time, while Stereo's attorney offered to allow "another hour or even longer" (*Id.* at 290) – but now says that VAC should get not further time with Mr. Baker on his enumerated subjects (Stereo's Resp. at 6).

Given the scope of the Rule 30(b)(6) topics on which Mr. Baker has been designated to testify and the number of documents that Stereo has identified with respect to its trade secret (and other) claims, we find it reasonable to allow further deposition of Mr. Baker on those Rule 30(b)(6) topics. That conclusion is further bolstered by our concern, expressed during a hearing on April 30, 2009, that Mr. Baker improperly answered certain questions asked of him in his Rule 30(b)(6) capacity by making a general reference to the documents that had been produced in the case. As we explained at that time to Stereo's counsel, while Rule 33(d) allows a party in the proper circumstance to answer an interrogatory by referring to documents, a Rule 30(b)(6) deponent has not such right: "[t]he witness can't say, it's all in the documents. Go find it" (VAC's Reply, Ex. 1, at 8).

We therefore grant VAC's motion to compel further deposition testimony of Mr. Baker on the topics for which he has been identified. We limit that additional testimony to no more than five hours. Consistent with the proposal by VAC (VAC's Reply at 6), any time spent further deposing Mr. Baker in his Rule 30(b)(6) capacity will be deducted from the seven hours that would otherwise be available to depose him in his individual capacity.

## CONCLUSION

For the foregoing reasons, VAC's motion to compel interrogatory answers and deposition testimony is granted in part and denied in part. The further interrogatory responses required by this ruling are due to be served by May 22, 2009. The further deposition of Mr. Baker in his Rule 30(b)(6) capacity shall be scheduled within the period allotted for discovery, at a time mutually convenient to the parties.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: May 14, 2009