UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEREO OPTICAL CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 2512 |
| | ) | |
| THOMAS J. JUDY, JACQUELINE K. JUDY, MR. RALPH E. CRAIG, MR. RICHARD J. UNGER, and VISION ASSESSMENT CORPORATION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on four motions. The first is a motion by Defendants Thomas Judy, Jacqueline Judy, Ralph Craig, Richard Unger, and Vision Assessment Corporation (collectively referred to herein as "Vision") for summary judgment on the copyright infringement claims asserted by Plaintiff Stereo Optical Co., Inc. ("Stereo"). The second and third are cross-motions for summary judgment on Stereo's remaining counts for various state law claims. The fourth and last motion to be considered at this time is a motion by Vision to strike certain theories and documents advanced by Stereo. For the reasons set forth below, the motion for summary judgment on the copyright infringement claims is granted, the cross motions for summary judgment on the state law claims are denied, and the motion to strike is denied.

## BACKGROUND

Stereo is a manufacturer of stereopsis vision tests, including the Stereo Butterfly Test ("Butterfly"), the Stereo Fly Test ("Fly"), the Stereo Randot Test ("Randot"), and the Stereo Random Dot E Test ("Dot E"). Stereo claims copyright protection of the four aforementioned vision tests. Fly, Randot, and Dot E have been manufactured and sold by Stereo since at least 1980; Butterfly has been manufactured and distributed by Stereo since at least 1982. Prior to 1988, none of these four tests displayed a copyright notice; since 1988, all copies distributed or sold by Stereo have displayed a copyright notice. Stereo has proffered no evidence that it has made any efforts to add a copyright notice to copies of these tests distributed prior to 1988.

Defendant Thomas Judy worked for Stereo from November 1989 until April 6, 2007, first as General Manager and then as Chief Operating Officer. Defendant Jacqueline Judy was an employee in Stereo's sales department from August 2004 to April 16, 2007. Defendant Ralph Craig worked in Stereo's sales department from December 1995 until April 24, 2007. Defendant Richard Unger was employed in Stereo's photography department from May 1980 until May 2, 2007. In late May or early June 2007, Thomas Judy and Ralph Craig formed Vision Assessment Corporation.

Since it was formed, Vision has sold products to customers of Stereo including Good-Lite Company, Ophthalmic Instruments, School Health Corporation, Arncon

Labs, Wilson Ophthalmic, Pioneer International, Opthal-Mix Network, Lombart Instruments, and Belrose Refracting Equipment. According to Stereo, the vision tests manufactured and sold by Vision are reproductions or derivatives of Stereo's four tests.

Stereo's complaint asserted various state law causes of action based on alleged misconduct by the four individual defendants before, during, and after they left their employment at Stereo. Some were dismissed in September 2008; the remaining claims include violations of trade secrets, breach of contract, conversion, intentional interference with contractual relations, civil conspiracy, breach of fiduciary duty, and constructive trust.

After a long and contentious discovery period, Vision now moves for summary judgment in its favor on the entirety of the complaint, and Stereo cross moves for summary judgment on the asserted state law claims. Vision also moves to strike what it terms "new theories of liability" and "undisclosed or otherwise improper evidence."

## LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant." *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing the record we must draw all reasonable inferences in favor of the non-movant; however, "we are not required to draw every conceivable inference from the record–only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

When parties file cross motions for summary judgment, each motion must be assessed independently, and denial of one does not necessitate the grant of the other. *M. Snower & Co. v. United States*, 140 F.2d 367, 369 (7th Cir. 1944). Rather, each motion evidences only that the movant believes it is entitled to judgment as a matter of

law on the issues within its motion and that trial is the appropriate course of action if the court disagrees with that assessment. *Miller v. LeSea Broadcasting, Inc.*, 87 F.3d 224, 230 (7th Cir. 1996).

With these principles in mind, we turn to the parties' motions.

## DISCUSSION

### A. Motion for Summary Judgment on Copyright Claims

Stereo's complaint asserts a cause of action for copyright infringement under 17 U.S.C. § 501(a), which states that "[a]nyone who violates any of the exclusive rights of the copyright owner...is an infringer of the copyright." A valid claim of infringement consists of two parts: a plaintiff's ownership of a valid copyright for a work and a defendant's copying of the original portions of the work. *Harris Custom Builders, Inc. v. Hoffmeyer*, 92 F.3d 517, 519 (7th Cir. 1996).

Between 1978 and 1988, U.S. copyright law provided that a notice of copyright protection appear on publicly distributed copies of a protected work. 17 U.S.C. § 401(a). If copies omitting the notice were distributed and the copyright owner was responsible for the omission, the work entered the public domain and copies could be freely made unless one of two statutory conditions was satisfied. *See Harris Custom Builders*, 92 F.3d at 521. First, if the number of copies distributed without the notice was "relatively small," the copyright will not be invalidated. 17 U.S.C. § 405(a)(1).

Second, the protection would not be forfeited if the work was registered no later than 5 years after the copies without the notice were distributed, and the copyright owner made "a reasonable effort" after the omission is discovered to add the missing notice to the distributed copies. *Id.* If a copyright owner forfeits the protection by extensive publication without notice and does not thereafter properly cure the problem, the work enters the public domain and cannot thereafter be brought back into the protection of copyright law regardless of the steps taken by the owner, e.g., affixing notices to subsequent copies of the work as though the copyright was still valid.

If a copyright remains intact despite distribution of copies that do not contain a copyright notice through one of the scenarios set out in § 405(a), a person who receives a copy of the work without a notice and makes copies in reliance on the absence of the notice is not liable for infringement. 17 U.S.C. § 405(b). This is the so-called "innocent infringer" rule.

The following facts on the issue of the validity of a copyright for Butterfly[1] are undisputed. First, Stereo did not include a copyright notice in any of the copies of the four tests at issue in this case from 1980 until 1988. Second, Stereo has consistently affixed a copyright notice to all four tests since 1988. Third, Stereo made no effort to

---

[1] The parties dispute whether the 1980 registration, which was obtained by Dr. Ned Steinfeld, applies to the Butterfly. For purposes of this motion, we will assume that it does.

add copyright notices to the copies of Butterfly, Fly, Randot, or Dot E that were distributed prior to 1988.

Vision contends that the omission of the notice invalidated any copyright protection for Stereo in these tests by the time the notices were first applied in 1988. Based on the circumstances in this case, Stereo could escape the statutory invalidation of the 1980 copyright if it either took steps to add the omitted notice from the copies distributed prior to 1988 or if the notice was omitted from a relatively small number of copies. Because Stereo has not sought to add the omitted notices, the first avenue is not open to it. Thus, to avoid waiver of the protection and summary judgment in Vision's favor on its copyright infringement claims, Stereo must provide evidence that the notice was omitted from "no more than a relatively small number of copies...distributed to the public." 17 U.S.C. § 405(a)(1). On this point, Vision has adduced evidence that, from 1982 until 1988, about 100 copies of Butterfly were distributed; from 1980 to 1988, thousands of copies of Dot E and tens of thousands of Fly and Randot were distributed to members of the public.

In its statement of facts filed in response to Vision's assertion, Stereo does not dispute the degree of distribution for Dot E, Fly, or Randot but does assert that the distribution of the Butterfly was limited and took place in the context of research and development of the test. The statement of facts thereafter contains what appears to be

an internal drafting note regarding the need to supply evidence in the record to support this statement. Although Local Rule 56.1 provides that any properly supported factual assertion within a statement of facts is admitted if not properly controverted with admissible evidence, given that the inclusion of this note was clearly an error in drafting, not meant to appear in the final filed version of this important document, a strict application of the tenets of the rule in this instance seems overly harsh.

However, the presence or absence of properly supported facts from Stereo is ultimately not relevant for purposes of Vision's motion. As stated above, facts regarding the distribution of Butterfly prior to 1988 would presumably be offered as a predicate to an argument that the number of copies published without a copyright notice was "relatively small" and therefore had no effect on the validity of the Butterfly copyright. However, Stereo's memorandum of law in response to Vision's motion for summary judgment contains no such argument. Instead, it argues only that Vision cannot rely upon the "innocent infringer" exception set forth in § 405(b). Therefore, Stereo does not present a basis for this court to conclude that the number of copies of Butterfly distributed was in fact "relatively small," such that the copyright remained valid despite the distribution of copies with the notice omitted. It is axiomatic that arguments not raised are forfeited. *See*, *e.g.*, *Corcoran v. Levenhagen*, 593 F.3d 547, 551 (7th Cir. 2010); *Bloch v. Frischholz*, 587 F.3d 771, 784 n.9 (7th Cir. 2009).

Consequently, Stereo has forfeited the ability to challenge the propositions that the four tests entered the public domain prior to 1988 when the copyright notices first appeared and that any attempts to assert protection by affixing a copyright notice to subsequent copies of unprotected public domain materials would be unavailaing. Because the presence of a valid copyright is a threshold issue in any copyright infringement suit, Stereo cannot establish the first element of its infringement claims. Thus, there is no reason to examine issues related to the "innocent infringer" rule argued in Stereo's response to the motion for summary judgment on the copyright claims. One cannot infringe, innocently or not, a copyright that does not exist. Vision is accordingly entitled to summary judgment on the copyright infringement claims set out in Stereo's complaint.

**B. Cross Motions for Summary Judgment on State Law Claims**

With respect to the remaining claims of the complaint, Stereo and Vision each contend that summary judgment in its favor is warranted. As set forth in the legal standard recited above, in order for summary judgment to be awarded, there can be no material fact in dispute. In their statements of fact filed in support of these cross motions, the parties agree on few facts outside those necessary to demonstrate the propriety of subject matter jurisdiction and venue in this case. They hotly dispute central matters on each of the remaining claims. For instance, the individual defendants

dispute Stereo's descriptions of their job duties as well as the information to which they had access while they were Stereo employees. Thomas Judy disputes whether, as Chief Operating Officer of the company, he was an officer of the company who would owe fiduciary duties to it. The parties dispute the existence and content of employment agreements between Stereo and the four individual defendants. They contest whether certain information Stereo claims to be protectible trade secret existed and in what form. They dispute the value of the information to Stereo as well as to outside parties. Consequently, summary judgment is not appropriate on the state law claims of the complaint, and both motions for summary judgment pertaining to these claims are denied. The case must proceed to trial to permit a finder of fact to sort through the various disputes between the parties as to what actually happened in this case.

**C. Motion to Strike**

The decisions set forth above have significant collateral effect on Vision's motion to strike. In it, Vision requests that four pieces of evidence offered by Stereo in support of the copyright claims be stricken. None of them pertain to the aforementioned issues that are dispositive of Stereo's copyright claims. Accordingly, the portions of the motion to strike that pertain to evidence on the copyright claims are denied as moot.

The remainder of the motion to strike takes aim at theories and evidence offered in connection with the state law claims. Since the motions for summary judgment on

these claims are denied based on the clear presence of disputed material facts, there is no reason at this point to decide the propriety of the theories and evidence on the state law claims. The portions of the motion directed at those theories and evidence are therefore denied as premature, but without prejudice to representment at an appropriate time.

## CONCLUSION

Based on the foregoing analysis, Vision's motion for summary judgment on Stereo's copyright claims is granted. The parties' cross motions for summary judgment on the state law claims are denied. Vision's motion to strike is denied.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: __April 1, 2010__